IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TODD RYAN, for himself and as a shareholder of SHARP GARDEN CENTER AND GIFTS, INC.,** ) ) ) ) | |
| Plaintiff, ) | NO. 3:23-cv-01149 |
| ) | |
| v. ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE HOLMES |
| **TERRY SHARP, et al.,** ) ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court are motions to dismiss filed by Defendant Martha Proctor ("Proctor") (Doc. No. 31) and Defendants Farmers' Services, Inc. ("FSI") and Humphrey's County Farm Bureau ("HCFB") (Doc. No. 33). The motions are fully briefed and ripe for review. (Doc. Nos. 35-36, 38-39). For the reasons discussed further below, FSI and HCFB's motion will be **DENIED**, and Proctor's motion will be **GRANTED** in part and **DENIED** in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Todd Ryan ("Ryan") asserts eleven claims against Proctor relating to tax filings for the years 2017, 2018, 2020-2022, with claims for each year of returns filed for Ryan and Defendant Sharp Garden Center and Gifts, Inc. ("SGG"), respectively; Ryan also asserts claims against Proctor for constructive fraud and civil conspiracy. Ryan asserts claims against FSI and HCFB, Proctor's purported employer, solely on the theory of respondeat superior.

Ryan alleges that Proctor prepared his individual 2017, 2018, 2020, 2021, and 2022 tax returns for him by filing: Form 1040, Form 8879, Schedule E, Schedule K-1, Form 8995 and IRC 172(b)(3). (Doc. No. 1, Complaint ¶ 22). Ryan alleges that Proctor also filed Form 1120-S for SGG

"every year." Ryan alleges at length the purportedly false information that resulted in his claims that the various tax filings of Ryan and SGG were false and fraudulent. (*Id*. ¶¶ 26-68).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

The Court will address the respective motions to dismiss in turn, beginning with Proctor's.

**A. Proctor**

1. <u>26 U.S.C. § 7434</u>

Ryan brings eleven claims against Proctor under 26 U.S.C. § 7434(a), which provides: "If any person willfully files a fraudulent information return with respect to any other person, such other person may bring civil action for damages against the person so filing so returns." Section 7434(f) states: "For purposes of this section, the term 'information return' means any statement

described in Section 6724(d)(1)(A)." In turn, Section 6724(d)(1)(A) states: "The term 'information return' means – (a) any statement of the amount of payments to another person required by –" and identifies nine circumstances addressed in other IRC provisions, but only one of those circumstances applies under a fair reading of the complaint: 26 U.S.C. § 6051(d) that requires a copy of an employee Form W-2 to be submitted to the IRS.[1]

The plain meaning of Section 7434 and the definitions provided for the scope of potential liability under that statute for one who "willfully files a fraudulent information return," reveals that Form 1040 and the other tax filing forms identified in the complaint cannot serve as the basis for a claim against Proctor other than W-2 forms filled with the IRS. Here, the complaint alleges that Proctor filed W-2 concerning earnings of Ryan in 2020 and 2021 (Doc. No. 1, Complaint ¶¶ 34, 36); the other tax documents and filings listed in the complaint fall outside the scope of Section 7434. In response to this argument by Proctor, Ryan presents several arguments, none of which is persuasive or consistent with the plain language of Section 7434 and the expressly incorporated provisions in Section 6724(d)(1)(A), nor are the arguments particularly coherent.[2]

Specifically, Ryan argues that other IRC provisions refer to different tax forms as "information returns." This argument misses the point and ignores the plain language of Section 7434 – the very statute under which Ryan sues Proctor in all but two of his claims against her. That the IRC may consider other types of forms and filings as "information returns" does not change the plain language and limited scope of Section 7434. Further, Ryan's argument illustrates

---

[1] While Proctor correctly points out that Section 6724(d)(1)(A)(i) also includes Form 1099 as an "information return," Ryan does not allege that Proctor filed a Form 1099 for him or SGG.

[2] Most of Ryan's response is replete with hyperbole and suggestions that Proctor's arguments are "absolutely false," "tedious," "tactics," and "misstating" authority. Counsel would be wise to remember that he is presenting legal arguments in a federal court on behalf of a client. The unseemly hyperbole does nothing to advance his client's position and runs the risk of weakening counsels' reputation with the Court and the bar.
3

Proctor's point: when Congress wanted to define something as an "information return" it did; but Congress also limited the types of "information returns" that could serve as the basis for liability under Section 7434: those specific returns listed in Section 6724(d)(1)(A) and nowhere else. Accordingly, Proctor's motion to dismiss will be granted as to Counts 1, 2, and 5-11, which are Ryan's claims for tax years not involving a W-2.

This leaves Counts 3 and 4 of Ryan's Section 7434 claims against Proctor. Proctor argues that, as the mere preparer of tax documents for Ryan, she cannot be liable under Section 7434. The Court again turns to the plain language of Section 7434(a), which allows for a claim against "any person [who] willfully files a fraudulent information return with respect to payments purported to be made to any other person." Accepting the factual allegations as true, Ryan alleges that Proctor filed W-2s for him in 2020 and 2021 and that Proctor knew the information in these forms was false.

Proctor points the Court to a district court opinion from this circuit, *Swartwout v. Edgewater Grill LLC*, 2013 WL 3655162 (W.D. Mich. July 12, 2013). In *Swartwout*, a summary judgment ruling in a case involving a pro se plaintiff who sought damages under Section 7434 based on a number of common law claims. The *Swartwout* court concluded, "after review of the record," that the plaintiff could not prove his Section 7434 claims against the tax preparer for filing a W-2. While that ultimately may be Ryan's fate in the present matter, there is no record at this juncture. And the complaint alleges that Proctor was involved in conduct that goes beyond the mere preparing and filing of a W-2. Although Proctor characterizes her role as limited in the reply, she provides no citation to the complaint, which is what the court must review and accept as true in ruling on a motion to dismiss. Proctor also cites *Swallow v. Torngren*, 2018 WL 2197614, (N.D. Cal. May 14, 2018), for the proposition that "the taxpayer, not the preparer of the return is liable

under Section 7434." However, that case involved Section 7434 claims related to tax returns, not a W-2. In sum, while the *Swartwout* opinion is persuasive authority, it was an opinion based on the record at the summary judgment phase. Accepting Ryan's allegations as true, and based on the plain language of Section 7434, Proctor's motion to dismiss will be denied as to Counts 3 and 4.

2. Constructive Fraud

On a motion to dismiss, allegations of fraud must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9 by stating "with particularity" the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). "Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put [the opposing party] on notice as to the nature of the claim." *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012). Here, Proctor argues that Ryan failed to plead the element of reliance with requisite particularity. Having reviewed the complaint, the court concludes that Ryan pleaded facts with sufficient particularity that, accepted as true, support his reliance on Proctor's alleged statements and representations. Therefore, Proctor's motion will be denied as to Ryan's constructive fraud claim.

3. Civil Conspiracy

Proctor argues Ryan's civil conspiracy claim fails because his Section 7434(a) claims fail; Proctor presents no other challenge to the civil conspiracy claim. The Court has already determined that two of Ryan's Section 7434(a) claims survive Proctor's motion to dismiss; accordingly, Proctor's motion to dismiss will be denied as to the civil conspiracy claim.

**B. FSI and HCFB**

FSI and HCFB seek dismissal by adopting Proctor's arguments in her motion to dismiss; arguing that if all of Ryan's claims against Proctor fail as a matter of law, the claims against them

must also fail. FSI and HCFB argue no other basis for dismissal of Counts 19 and 20. Having found that certain claims against Proctor will proceed, *see infra*, these defendants' motion to dismiss (Doc. No. 33) will be denied.

## IV. CONCLUSION

For the foregoing reasons, Proctor's motion to dismiss (Doc. No. 31) will be granted as to Counts 1, 2, and 5-11, and FSI and HCFB's motion to dismiss (Doc. No. 33) will be denied.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE